**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

(1)  ROBERT GATES,                )
(2)  RITA GATES, and              )
(3)  JULIO MELENDEZ,              )
                                          )
        Plaintiffs,              )
                                           )
vs.                                    )     Case No. 23-cv-00352-CVE-SH
                                           )
(1)  CITY OF TULSA, OKLAHOMA    )
(2)  SAMANTHA RAMSEY,            )
(3)  DON HOLLOWAY,               )
(4)  M. SWEGER,                   )
(5)  THOMAS SHOCKLEY,            )
(6)  K. SIRES,                    )
                                           )
        Defendants.             )

### DEFENDANT CITY OF TULSA'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant City of Tulsa ("Defendant" or "City") appears by and through its attorney, R. Lawson Vaughn, Senior Assistant City Attorney, Office of the City Attorney, City of Tulsa, and except for those allegations expressly admitted, denies each and every allegation of Plaintiffs' Complaint. The City further responds to the individual paragraphs of the Complaint as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Upon information and belief, Defendant City admits the allegations in Paragraph 1 of Plaintiffs' Complaint.

2.     Upon information and belief, Defendant admits the allegations in Paragraph 2 of Plaintiffs' Complaint.

3.     Upon information and belief, Defendant admits the allegations in Paragraph 3 of Plaintiffs' Complaint.

4.      Defendant admits the allegations in Paragraph 4 of Plaintiffs' Complaint.

5.      Defendant admits the allegations in Paragraph 5 of Plaintiffs' Complaint.

6.      Defendant admits the allegations in Paragraph 6 of Plaintiffs' Complaint.

7.      Defendant admits the allegations in Paragraph 7 of Plaintiffs' Complaint.

8.      Defendant admits the allegations in Paragraph 8 of Plaintiffs' Complaint.

9.      Defendant admits the allegations in Paragraph 9 of Plaintiffs' Complaint.

10.      Defendant admits the allegations in Paragraph 10 of Plaintiffs' Complaint.

11.      Defendant admits the allegations in Paragraph 11 of Plaintiffs' Complaint.

12.      Defendant admits the allegations in Paragraph 12 of Plaintiffs' Complaint.

## **STATEMENT OF FACTS**

13.      Defendant herein incorporates by reference its responses to Paragraphs 1-12 of Plaintiffs' Complaint.

14.      Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 14 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

15.      Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 15 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

16.      Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 16 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

17.     Defendant City is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 17 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

18.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 18 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

19.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 19 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

20.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 20 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

21.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 21 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

22.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 22 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

23.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 23 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

24.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 24 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

25.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 25 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

26.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 26 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

27.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 27 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

28.     Upon information and belief, Defendant admits the allegations set forth in Paragraph 28 of Plaintiffs' Complaint.

29.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 29 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

30.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 30 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

31.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 31 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

32.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 32 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

33.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 33 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

34.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 34 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

35.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 35 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

36.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 36 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

37.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 37 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

38.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 38 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

39.     Defendant City is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 39 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

40.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 40 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

41.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 41 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

42.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 42 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

43.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 43 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

44.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 44 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

45.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 45 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

46.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 46 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

47.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 47 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

48.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 48 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

49.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 49 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

50.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 50 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

51.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 51 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

52.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 52 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

53.    Defendant admits that Plaintiff moved equipment from Suite 110 to Suite 130 but is without sufficient information or knowledge to either admit or deny the

remaining allegations set forth in Paragraph 53 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

54.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 54 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

55.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 55 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

56.    Defendant admits that Parra and Blundetto filed a civil lawsuit against Plaintiff but is without sufficient information or knowledge to either admit or deny the remaining allegations set forth in Paragraph 56 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

57.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 57 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

58.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 58 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

59.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 59 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

60.     Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 60 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

61.     Defendant City admits Ramsey sent letters to Mr. Gates and Mrs. Gates as alleged in Paragraph 61 of Plaintiffs' Complaint but is without sufficient information or knowledge to admit or deny the remaining allegations set forth therein.

62.     Defendant denies that the subject letter referred to "Blundetto" or "Parra", but admits the remaining allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.     Defendant denies that the subject letter referred to "Blundetto" or "Parra", but admits the remaining allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.     Defendant admits the allegations contained within Paragraph 64 of Plaintiffs' Complaint.

65.     Defendant admits the allegations contained within Paragraph 65 of Plaintiffs' Complaint.

66.     Defendant admits the allegations contained within Paragraph 66 of Plaintiffs' Complaint.

67.     Defendant City admits that Mr. Kutmas explained Plaintiff had been successful in the First Civil Litigation, but states that this was based on a technicality and not on the merits related to the ownership of the equipment. Defendant admits the remaining allegations contained within Paragraph 67 of Plaintiffs' Complaint.

68.     Defendant admits the allegations contained within Paragraph 68 of Plaintiffs' Complaint.

69.    Defendant admits the allegations contained within Paragraph 69 of Plaintiffs' Complaint.

70.    Defendant admits the allegations contained within Paragraph 70 of Plaintiffs' Complaint.

71.    Defendant is without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 71 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

72.    Defendant admits the allegations contained in Paragraph 72 of Plaintiffs' Complaint and further states that Ramsey and Mr. Gates agreed on a date and time for an interview, but on the morning of the interview Mr. Gates indicated he would need to cancel and reschedule.

73.    Defendant admits that Mr. Kutmas contacted Ramsey and would further state that rescheduling the interview was discussed and Plaintiffs were unwilling to come to the police station for an interview. Defendant denies the remaining allegations in Paragraph 73 of Plaintiffs' Complaint.

74.    Defendant denies the allegations in Paragraph 74 of Plaintiffs' Complaint and demand strict proof thereof.

75.    Defendant admits that Detective Ramsey applied for and obtained a search warrant based on evidence provided by Parra and Blundetto but denies the remaining allegations in Paragraph 75 of Plaintiffs' Complaint.

76.    Defendant admits Detective Ramsey watched video that showed Mr. Gates and others moving equipment from Suite 110 to Suite 130 and that it was part of the

evidence presented that showed probable cause against Plaintiffs. Defendant City denies the remaining allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77.    The allegations contained in Paragraph 77 and footnote 3 of Plaintiffs' Complaint constitute nothing more than legal arguments and no response thereto is required. To the extent a response is deemed necessary, they are denied.

78.    Defendant admits that TPD obtained a search warrant on November 16, 2021 but is without sufficient information or knowledge to admit or deny the remaining allegations set forth in Paragraph 78 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

79.    Defendant admits that the suite to be searched was Suite 130 but is without sufficient information or knowledge to admit or deny the remaining allegations set forth in Paragraph 79 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

80.    Defendant admits the allegations set forth in Paragraph 80 of Plaintiffs' Complaint.

81.    Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 81 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

82.    Defendant admits that, due to the nature of the equipment being seized, Parra and Blundetto were allowed to join TPD on the day of the search in order to properly shut down and move the expensive lab equipment. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 82 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

83.     Defendant denies the allegations contained within Paragraph 83 of Plaintiffs' Complaint and demands strict proof thereof.

84.     Defendant City is without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 84 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

85.     Defendant admits TPD sent over a dozen armed officers to execute the search warrant and that some were armed with guns, riot shields, tazers, and pepper ball guns but denies the remaining allegations set forth in Paragraph 85 of Plaintiffs' Complaint.

86.     Defendant denies the allegations in Paragraph 86 of Plaintiffs' Complaint and demands strict proof thereof.

87.     Defendant denies the allegations in Paragraph 87 of Plaintiffs' Complaint and demands strict proof thereof.

88.     Defendant admits Mr. Melendez did not appear on the search warrant and was handcuffed as alleged in Paragraph 88 of Plaintiffs' Complaint in order to be detained for the purpose of executing the search warrant. Mr. Melendez then became uncooperative with the officers.

89.     Defendant admits that Mr. Melendez was then taken outside and told to sit down as alleged in Paragraph 89 of Plaintiffs' Complaint.

90.     Defendant denies that Mrs. Gates was grabbed and taken to the ground and is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 90 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

91.     Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 91 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

92.     Defendant admits Shockley had to take Mr. Melendez to the ground as a result of his resisting and obstruction but denies the remaining allegations in Paragraph 92 of Plaintiffs' Complaint and demands strict proof thereof.

93.     Defendant admits Shockley arrested Mr. Melendez for resisting arrest and obstruction but denies that it was in response to any protected expressions as alleged in Paragraph 93 of Plaintiffs' Complaint and demands strict proof thereof.

94.     Defendant admits the allegations set forth in Paragraph 94 of Plaintiffs' Complaint.

95.     Defendant admits the allegations set forth in Paragraph 95 of Plaintiffs' Complaint.

96.     Defendant admits the District Attorney's Office ultimately decided not to file charges against Plaintiffs but denies the remaining allegations in Paragraph 96 of Plaintiffs' Complaint and demands strict proof thereof.

97.     Defendant denies the allegations in Paragraph 97 of Plaintiffs' Complaint and demands strict proof thereof.

### COUNT 1 – WRONGFUL/UNREASONABLE ARREST
### 42 U.S.C. § 1983

98.     Defendant herein incorporates by reference its responses to Paragraphs 1-97 of Plaintiffs' Complaint.

99.     The allegations set forth in Paragraph 99 of Plaintiffs' Complaint is merely a statement of law and no response thereto is required.

100.    The allegations set forth in Paragraph 100 of Plaintiffs' Complaint are merely legal conclusions and no response thereto is required.

101.    Defendant denies the allegations in Paragraph 101 of Plaintiffs' Complaint.

102.    The allegations set forth in Paragraph 102 of Plaintiffs' Complaint are merely legal conclusions and no response thereto is required.

103.    Defendant denies the allegations in Paragraph 103 of Plaintiffs' Complaint.

104.    Defendant denies the allegations in Paragraph 104 of Plaintiffs' Complaint.

105.    Defendant denies the allegations in Paragraph 105 of Plaintiffs' Complaint.

106.    Defendant denies the allegations in Paragraph 106 of Plaintiffs' Complaint.

107.    Defendant denies the allegations in Paragraph 107 of Plaintiffs' Complaint.

### COUNT 2 – EXCESSIVE USE OF FORCE
### 42 U.S.C. § 1983
### (Defendants Shockley, Holloway, and City of Tulsa)

108.    Defendant herein incorporates by reference its responses above to Paragraphs 1-107 of Plaintiffs' Complaint.

109.    The allegations set forth in Paragraph 109 of Plaintiffs' Complaint are merely legal conclusions and no response thereto is required.

110.    Defendant denies the allegations in Paragraph 110 of Plaintiffs' Complaint.

111.    The allegations set forth in Paragraph 111 of Plaintiffs' Complaint are merely legal conclusions and no response thereto is required.

112.    Defendant denies the allegations in Paragraph 112 of Plaintiffs' Complaint.

113.    Defendant denies the allegations in Paragraph 113 of Plaintiffs' Complaint.

114.    Defendant denies the allegations in Paragraph 114 of Plaintiffs' Complaint.

115.    Defendant denies the allegations in Paragraph 115 of Plaintiffs' Complaint.

116.     Defendant denies the allegations in Paragraph 116 of Plaintiffs' Complaint.

## COUNT 3 – MUNICIPAL LIABILITY
### (City of Tulsa)

117.     Defendant herein incorporates by reference its responses to Paragraphs 1-116 of Plaintiffs' Complaint.

118.     Defendant denies the allegations in Paragraph 118 of Plaintiffs' Complaint.

119.     Defendant denies the allegations in Paragraph 119, to include A. through I., of Plaintiffs' Complaint.

120.     Defendant denies the allegations in Paragraph 120 of Plaintiffs' Complaint.

121.     Defendant denies the allegations in Paragraph 121 of Plaintiffs' Complaint.

122.     Defendant denies the allegations in Paragraph 122 of Plaintiffs' Complaint.

123.     Defendant denies the allegations in Paragraph 123 of Plaintiffs' Complaint.

124.     Defendant denies the allegations in Paragraph 124 of Plaintiffs' Complaint.

## COUNT 4 – FIRST AMENDMENT RETALIATION
### (Officer Shockley)

125.     Defendant herein incorporates by reference its responses to Paragraphs 1-124 of Plaintiffs' Complaint.

126.     The allegations set forth in Paragraph 126 of Plaintiffs' Complaint is merely a statement of law and no response thereto is required.

127.     The allegations set forth in Paragraph 127 of Plaintiffs' Complaint is merely a statement of law and no response thereto is required.

128.     Defendant denies the allegations in Paragraph 128 of Plaintiffs' Complaint.

129.     Defendant denies the allegations in Paragraph 129 of Plaintiffs' Complaint.

130.     Defendant denies the allegations in Paragraph 130 of Plaintiffs' Complaint.

## COUNT 5 – NEGLIGENCE
### (City of Tulsa)

131.    Defendant herein incorporates by reference its responses to Paragraphs 1-130 of Plaintiffs' Complaint.

132.    The allegations set forth in Paragraph 132 of Plaintiffs' Complaint is merely a statement of law and no response thereto is required.

133.    The allegations set forth in Paragraph 133 of Plaintiffs' Complaint is merely a statement of law and no response thereto is required.

134.    The allegations set forth in Paragraph 134 of Plaintiffs' Complaint is merely a statement of law and no response thereto is required.

135.    The allegations set forth in Paragraph 135 of Plaintiffs' Complaint is merely a legal conclusion and no response thereto is required.

136.    Defendant denies the allegations in Paragraph 136 of Plaintiffs' Complaint.

137.    The allegations set forth in Paragraph 137 of Plaintiffs' Complaint is merely a statement of law and no response thereto is required.

138.    Defendant denies the allegations in Paragraph 138 of Plaintiffs' Complaint.

139.    Defendant denies the allegations in Paragraph 139 of Plaintiffs' Complaint.

140.    Defendant City admits the individual Defendants were acting within the scope of their employment at all times relevant but denies the allegation of negligent acts set forth in Paragraph 140 of Plaintiffs' Complaint.

141.    City admits a Tort Claim Notice on behalf of only Robert Gates and Rita Gates was filed with the City of Tulsa on November 17, 2022, and denies the Complaint in this matter was filed within 180 days of the denial as alleged in Paragraph 141 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT 6 – PUNITIVE DAMAGES

142.    Defendant City herein incorporates its responses above to Paragraphs 1-141 of Plaintiffs' Complaint.

143.    Defendant denies the allegations in Paragraph 143 of Plaintiffs' Complaint.

144.    Defendant denies the allegations in Paragraph 144 of Plaintiffs' Complaint.

145.    Defendant denies the allegations in Paragraph 145 of Plaintiffs' Complaint.

146.    Defendant denies the allegations in Paragraph 146 of Plaintiffs' Complaint.

Defendant denies that Plaintiffs are entitled to the relief prayed for in their paragraph beginning with, "WHEREFORE".

## **AFFIRMATIVE DEFENSES**

The City's defenses include, but are not limited to:

1.    The City incorporates its defenses and objections raised in its Answer to Plaintiffs' Complaint.

2.    All tort claims are subject to the provisions of the Governmental Tort Claims Act, 51 O.S. §§ 151 *et seq.*  The City demands strict compliance.

3.    Plaintiffs fail to state a claim upon which relief can be granted.

4.    Plaintiffs failed to mitigate their damages.

5.    The City is not responsible for intervening, superseding, and/or supervening causes that resulted in damages.

6.    The City was not the proximate cause of Plaintiffs' damages.

7.    The injuries and damages alleged, if any, were the result of Plaintiffs' own conduct.

8.    Plaintiffs assumed the risk of their behavior when they acted in a manner that was in violation of the law and was not consistent with the safety and well-being for themselves and others.

9.    Plaintiffs' claims are absolutely barred by their own actions.

10.    The City is not subject to vicarious or *respondeat superior* liability for any bad faith, malicious, or intentionally wrongful conduct of any employee.   (All allegations of intentional wrongful conduct are denied.)

11.    Punitive or exemplary damages are not available per 51 O.S. §154 (C).

12.    Plaintiffs' punitive damage claims are unlawful under the U.S. Constitution, as well as the Oklahoma Constitution.

13.    Plaintiffs' claims are, or may be, denied by waiver, laches, estoppel, and/or failure to comply with statutes of limitation.

14.    The individual Defendants had probable cause for any and all actions taken and acted at all times objectively and reasonably, in good faith and without malice.

15.    The City and its employees are immune from suit due to absolute immunity and qualified immunity.

16.    To the extent any Defendant violated Plaintiffs' federal and/or state constitutional rights (which is denied), those individuals were not acting in accord with any policy, custom, scope, or training of the City.

17.    The City denies there is any direct causal link which supports Plaintiffs' claims that any policy or custom, or the alleged failure of the City to adopt a policy or custom, or to adequately train or supervise any City employee was the direct cause of any damage or injury to Plaintiffs.

18.     The City's policies were lawful on their face and Plaintiffs cannot prove that the City had notice of its alleged failure to act, awareness that the failure to act resulted in a constitutional deprivation, and that the City consciously chose to disregard the harm.

19.     The facts will not support an actionable claim for deprivations of Plaintiff's constitutional rights against the City of Tulsa, and accordingly, Plaintiff cannot establish a claim upon which relief can be granted.

20.     Absent a properly proven predicate constitutional violation by an individual defendant, the City cannot be held liable under Section 1983 for alleged failures of policy, training, or supervision.

21.     To the extent any Defendant violated any Plaintiff's federal or state constitutional right; the City did not acquiesce, accept, endorse or act in a manner that is inconsistent with its obligations to its citizenry and in violation of any Constitutional rights.

22.     Plaintiffs cannot establish that any complained of conduct by the City and/or its policy makers was taken with the requisite degree of culpability or demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights.

23.     If any of the TPD officers' conduct violated Plaintiffs' state or federal constitutional rights, the City did not act or fail to act in any way that would have ratified that specific conduct or the basis for it.

24.     If any of the TPD officers' conduct violated Plaintiffs' state or federal constitutional rights, the officers were not acting within any policy or custom of the City.

25.     The City's actions were at all times reasonable under the circumstances.

26.    To the extent Plaintiffs' Constitutional rights were violated (which is denied), those rights were not, or may not have been, clearly established at the time of the alleged unlawful conduct.

27.    Any official capacity claim against an individual defendant is merely and solely a claim against the City.

28.    For further answer and defense, the City reserves the right to plead additional affirmative defenses and to amend this Answer at any time, up to, and including the entering of the Pretrial Conference Order.

WHEREFORE, having fully answered, the City of Tulsa respectfully requests that this Court grant judgment in its favor, and award the City its costs and fees, including attorneys' fees, if available, together with such other and further relief to which this Court deems just under the law and equity.

JURY TRIAL DEMANDED.

Respectfully submitted,

CITY OF TULSA, OKLAHOMA
a municipal corporation

JACK C. BLAIR
City Attorney

By:    /s/ R. Lawson Vaughn
R. Lawson Vaughn, OBA #21557
Senior Assistant City Attorney
175 E. Second Street, Suite 685
Tulsa, Oklahoma 74103
Telephone (918) 596-7717
Facsimile (918) 596-9700
ATTORNEYS FOR DEFENDANT CITY
OF TULSA

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen
Smolen & Roytman
701 S. Cincinnati Avenue
Tulsa, Oklahoma 74119
danielsmolen@ssrok.com
Attorneys for Plaintiff

　　　　　　　　　　　　　　　/s/ R. Lawson Vaughn
　　　　　　　　　　　　　　　R. Lawson Vaughn