**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1)  ROBERT GATES, | ) | |
| (2)  RITA GATES, and | ) | |
| (3)  JULIO MELENDEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 23-cv-00352-CVE-SH |
| | ) | |
| (1)  CITY OF TULSA, OKLAHOMA | ) | |
| (2)  SAMANTHA RAMSEY, | ) | |
| (3)  DON HOLLOWAY, | ) | |
| (4)  M. SWEGER, | ) | |
| (5)  THOMAS SHOCKLEY, | ) | |
| (6)  K. SIRES, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS RAMSEY'S, HOLLOWAY'S, SWEGER'S, SHOCKLEY'S, AND SIRES' ANSWER
TO PLAINTIFFS' COMPLAINT**

Defendants Officers Samantha Ramsey, Don Holloway, Madelyne Sweger, Thomas

Shockley, and Kurth Sires appear by and through their attorney, R. Lawson Vaughn, Senior

Assistant City Attorney, Office of the City Attorney, City of Tulsa, and except for those

allegations expressly admitted, deny each and every allegation of Plaintiffs' Complaint.

Defendants further respond to the individual paragraphs of the Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Upon information and belief, Defendants admit the allegations in Paragraph

1 of Plaintiffs' Complaint.

2.      Upon information and belief, Defendants admit the allegations in Paragraph

2 of Plaintiffs' Complaint.

3.      Upon information and belief, Defendants admit the allegations in Paragraph

3 of Plaintiffs' Complaint.

4.      Defendants admit the allegations in Paragraph 4 of Plaintiffs' Complaint.

5.      Defendants admit the allegations in Paragraph 5 of Plaintiffs' Complaint.

6.      Defendants admit the allegations in Paragraph 6 of Plaintiffs' Complaint.

7.      Defendants admit the allegations in Paragraph 7 of Plaintiffs' Complaint.

8.      Defendants admit the allegations in Paragraph 8 of Plaintiffs' Complaint.

9.      Defendants admit the allegations in Paragraph 9 of Plaintiffs' Complaint.

10.     Defendants admit the allegations in Paragraph 10 of Plaintiffs' Complaint.

11.     Defendants admit the allegations in Paragraph 11 of Plaintiffs' Complaint.

12.     Defendants admit the allegations in Paragraph 12 of Plaintiffs' Complaint.

## STATEMENT OF FACTS

13.     Defendants herein incorporate by reference their responses to Paragraphs 1-12 of Plaintiffs' Complaint.

14.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 14 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

15.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 15 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

16.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 16 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

17.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 17 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

18.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 18 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

19.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 19 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

20.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 20 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

21.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 21 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

22.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 22 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

23.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 23 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

24.    Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 24 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

25.    Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 25 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

26.    Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 26 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

27.    Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 27 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

28.    Upon information and belief, Defendants admit the allegations set forth in Paragraph 28 of Plaintiffs' Complaint.

29.    Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 29 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

30.    Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 30 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

31.    Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 31 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

32.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 32 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

33.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 33 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

34.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 34 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

35.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 35 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

36.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 36 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

37.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 37 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

38.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 38 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

39.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 39 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

40.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 40 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

41.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 41 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

42.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 42 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

43.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 43 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

44.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 44 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

45.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 45 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

46.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 46 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

47.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 47 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

48.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 48 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

49.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 49 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

50.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 50 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

51.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 51 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

52.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 52 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

53.     Defendants admit that Plaintiff moved equipment from Suite 110 to Suite 130 but are without sufficient information or knowledge to either admit or deny the

remaining allegations set forth in Paragraph 53 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

54.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 54 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

55.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 55 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

56.     Defendants Holloway, Sweger, Shockley, and Sires are without sufficient information or knowledge to admit or deny the allegations in Paragraph 56. Defendant Ramsey admits that Parra and Blundetto filed a civil lawsuit against Plaintiff but is without sufficient information or knowledge to either admit or deny the remaining allegations set forth in Paragraph 56 of Plaintiffs' Complaint and, therefore, denies same pending discovery.

57.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 57 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

58.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 58 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

59.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 59 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

60.    Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 60 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

61.    Defendants Holloway, Sweger, Shockley, and Sires are without sufficient information or knowledge to admit or deny the allegations in Paragraph 61. Defendant Ramsey admits she sent a letter to Mrs. Gates as alleged in Paragraph 61 of Plaintiffs' Complaint, but states she does not recall the date it was sent.

62.    Defendants Holloway, Sweger, Shockley, and Sires are without sufficient information or knowledge to admit or deny the allegations in Paragraph 62. Defendant Ramsey denies that the subject letter referred to "Blundetto" or "Parra", but admits the remaining allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.    Defendants Holloway, Sweger, Shockley, and Sires are without sufficient information or knowledge to admit or deny the allegations in Paragraph 63. Defendant Ramsey denies that the subject letter referred to "Blundetto" or "Parra", but admits the remaining allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.    Defendants Holloway, Sweger, Shockley, and Sires are without sufficient information or knowledge to admit or deny the allegations in Paragraph 64. Defendant Ramsey admits the allegations contained within Paragraph 64 of Plaintiffs' Complaint.

65.    Defendants Holloway, Sweger, Shockley, and Sires are without sufficient information or knowledge to admit or deny the allegations in Paragraph 65. Defendant Ramsey admits the allegations contained within Paragraph 65 of Plaintiffs' Complaint.

66.     Defendants Holloway, Sweger, Shockley, and Sires are without sufficient information or knowledge to admit or deny the allegations in Paragraph 66. Defendant Ramsey admits the allegations contained within Paragraph 66 of Plaintiffs' Complaint.

67.     Defendants Holloway, Sweger, Shockley, and Sires are without sufficient information or knowledge to admit or deny the allegations in Paragraph 67. Defendant Ramsey admits that Mr. Kutmas explained Plaintiff had been successful in the First Civil Litigation, but states she found this was not related to the ownership of the equipment. Defendant Ramsey admits the remaining allegations contained within Paragraph 67 of Plaintiffs' Complaint.

68.     Defendants Holloway, Sweger, Shockley, and Sires are without sufficient information or knowledge to admit or deny the allegations in Paragraph 68. Defendant Ramsey admits the allegations contained within Paragraph 68 of Plaintiffs' Complaint.

69.     Defendants Holloway, Sweger, Shockley, and Sires are without sufficient information or knowledge to admit or deny the allegations in Paragraph 69. Defendant Ramsey admits the allegations contained within Paragraph 69 of Plaintiffs' Complaint.

70.     Defendants Holloway, Sweger, Shockley, and Sires are without sufficient information or knowledge to admit or deny the allegations in Paragraph 70. Defendant Ramsey admits the allegations contained within Paragraph 70 of Plaintiffs' Complaint.

71.     Defendants are without sufficient information or knowledge to either admit or deny the allegations set forth in Paragraph 71 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

72.     Defendants Holloway, Sweger, Shockley, and Sires are without sufficient information or knowledge to admit or deny the allegations in Paragraph 72. Defendant

Ramsey admits the allegations contained in Paragraph 72 of Plaintiffs' Complaint and further states that she and Mr. Gates agreed on a date and time for an interview, but on the morning of the interview Mr. Gates indicated he would need to cancel and reschedule.

73.    Defendants Holloway, Sweger, Shockley, and Sires are without sufficient information or knowledge to admit or deny the allegations in Paragraph 73. Defendant Ramsey admits that Mr. Kutmas contacted Detective Ramsey and would further state that rescheduling the interview was discussed and Plaintiffs were unwilling to come to the police station for an interview. Defendant Ramsey denies the remaining allegations in Paragraph 73 of Plaintiffs' Complaint.

74.    Defendants deny the allegations in Paragraph 74 of Plaintiffs' Complaint and demand strict proof thereof.

75.    Defendants admit that Detective Ramsey applied for and obtained a search warrant based on evidence provided by Parra and Blundetto but deny the remaining allegations in Paragraph 75 of Plaintiffs' Complaint.

76.    Defendants Holloway, Sweger, Shockley, and Sires are without sufficient information or knowledge to admit or deny the allegations in Paragraph 76. Defendant Ramsey admits she watched video that showed Mr. Gates and others moving equipment from Suite 110 to Suite 130 and that it was part of the evidence presented that showed probable cause against Plaintiffs. Defendant Ramsey denies the remaining allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77.    The allegations contained in Paragraph 77 and footnote 3 of Plaintiffs' Complaint constitute nothing more than legal arguments and no response thereto is required. To the extent a response is deemed necessary, they are denied.

78.     Defendants admit that TPD obtained a search warrant on November 16, 2021 but are without sufficient information or knowledge to admit or deny the remaining allegations set forth in Paragraph 78 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

79.     Defendants admit that the suite to be searched was Suite 130 but are without sufficient information or knowledge to admit or deny the remaining allegations set forth in Paragraph 79 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

80.     Defendants admit the allegations set forth in Paragraph 80 of Plaintiffs' Complaint.

81.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 81 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

82.     Defendants admit that, due to the nature of the equipment being seized, Parra and Blundetto were allowed to join TPD on the day of the search in order to properly shut down and move the expensive lab equipment. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 82 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

83.     Defendants deny the allegations contained within Paragraph 83 of Plaintiffs' Complaint and demand strict proof thereof.

84.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 84 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

85.    Defendants admit TPD sent over a dozen armed officers to execute the search warrant and that some were armed with guns, riot shields, tazers, and pepper ball guns but deny the remaining allegations set forth in Paragraph 85 of Plaintiffs' Complaint.

86.    Defendants deny the allegations in Paragraph 86 of Plaintiffs' Complaint and demand strict proof thereof.

87.    Defendants deny the allegations in Paragraph 87 of Plaintiffs' Complaint and demand strict proof thereof.

88.    Defendants admit Mr. Melendez did not appear on the search warrant and was handcuffed as alleged in Paragraph 88 of Plaintiffs' Complaint in order to be detained for the purpose of executing the search warrant. Mr. Melendez then became uncooperative with the officers.

89.    Defendants admit that Mr. Melendez was then taken outside and told to sit down as alleged in Paragraph 89 of Plaintiffs' Complaint.

90.    Defendants deny that Mrs. Gates was grabbed and taken to the ground and are without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 90 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

91.    Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 91 of Plaintiffs' Complaint and, therefore, deny same pending discovery.

92.    Defendants admit Shockley had to take Mr. Melendez to the ground as a result of his resisting and obstruction but deny the remaining allegations in Paragraph 92 of Plaintiffs' Complaint and demand strict proof thereof.

93.     Defendants admit Shockley arrested Mr. Melendez for resisting arrest and obstruction but deny that it was in response to any protected expressions as alleged in Paragraph 93 of Plaintiffs' Complaint and demand strict proof thereof.

94.     Defendants admit the allegations set forth in Paragraph 94 of Plaintiffs' Complaint.

95.     Defendants admit the allegations set forth in Paragraph 95 of Plaintiffs' Complaint.

96.     Defendants admit the District Attorney's Office ultimately decided not to file charges against Plaintiffs but deny the remaining allegations in Paragraph 96 of Plaintiffs' Complaint and demand strict proof thereof.

97.     Defendants deny the allegations in Paragraph 97 of Plaintiffs' Complaint and demand strict proof thereof.

## COUNT 1 – WRONGFUL/UNREASONABLE ARREST
## 42 U.S.C. § 1983

98.     Defendants herein incorporate their responses to paragraphs 1-97 of Plaintiffs' Complaint.

99.     The allegations set forth in Paragraph 99 of Plaintiffs' Complaint is merely a statement of law and no response thereto is required.

100.     The allegations set forth in Paragraph 100 of Plaintiffs' Complaint are merely legal conclusions and no response thereto is required.

101.     Defendants deny the allegations in Paragraph 101 of Plaintiffs' Complaint.

102.     The allegations set forth in Paragraph 102 of Plaintiffs' Complaint are merely legal conclusions and no response thereto is required.

103.     Defendants deny the allegations in Paragraph 103 of Plaintiffs' Complaint.

104.    Defendants deny the allegations in Paragraph 104 of Plaintiffs' Complaint.

105.    Defendants deny the allegations in Paragraph 105 of Plaintiffs' Complaint.

106.    Defendants deny the allegations in Paragraph 106 of Plaintiffs' Complaint.

107.    Defendants deny the allegations in Paragraph 107 of Plaintiffs' Complaint.

## COUNT 2 – EXCESSIVE USE OF FORCE
## 42 U.S.C. § 1983
## (Defendants Shockley, Holloway, and City of Tulsa)

108.    Defendants herein incorporate their responses above to Paragraphs 1-107 of Plaintiffs' Complaint.

109.    The allegations set forth in Paragraph 109 of Plaintiffs' Complaint are merely legal conclusions and no response thereto is required.

110.    Defendants deny the allegations in Paragraph 110 of Plaintiffs' Complaint.

111.    The allegations set forth in Paragraph 111 of Plaintiffs' Complaint are merely legal conclusions and no response thereto is required.

112.    Defendants deny the allegations in Paragraph 112 of Plaintiffs' Complaint.

113.    Defendants deny the allegations in Paragraph 113 of Plaintiffs' Complaint.

114.    Defendants deny the allegations in Paragraph 114 of Plaintiffs' Complaint.

115.    Defendants deny the allegations in Paragraph 115 of Plaintiffs' Complaint.

116.    Defendants deny the allegations in Paragraph 116 of Plaintiffs' Complaint.

## COUNT 3 – MUNICIPAL LIABILITY
## (City of Tulsa)

117.    Defendants herein incorporate their responses above to Paragraphs 1-116 of Plaintiffs' Complaint. The allegations in Plaintiffs' Count 3, Municipal Liability, are alleged

only against the City of Tulsa, thus, Defendants deny each allegation in Paragraphs 118-124 of Plaintiffs' Complaint.

118.    Defendants deny the allegations in Paragraph 118 of Plaintiffs' Complaint.

119.    Defendants deny the allegations in Paragraph 119, to include A. through I., of Plaintiffs' Complaint.

120.    Defendants deny the allegations in Paragraph 120 of Plaintiffs' Complaint.

121.    Defendants deny the allegations in Paragraph 121 of Plaintiffs' Complaint.

122.    Defendants deny the allegations in Paragraph 122 of Plaintiffs' Complaint.

123.    Defendants deny the allegations in Paragraph 123 of Plaintiffs' Complaint.

124.    Defendants deny the allegations in Paragraph 124 of Plaintiffs' Complaint.

## COUNT 4 – FIRST AMENDMENT RETALIATION
### (Officer Shockley)

125.    Defendants herein incorporate their responses above to Paragraphs 1-124 of Plaintiffs' Complaint.

126.    The allegations set forth in Paragraph 126 of Plaintiffs' Complaint is merely a statement of law and no response thereto is required.

127.    The allegations set forth in Paragraph 127 of Plaintiffs' Complaint is merely a statement of law and no response thereto is required.

128.    Defendants deny the allegations in Paragraph 128 of Plaintiffs' Complaint.

129.    Defendants deny the allegations in Paragraph 129 of Plaintiffs' Complaint.

130.    Defendants deny the allegations in Paragraph 130 of Plaintiffs' Complaint.

## COUNT 5 – NEGLIGENCE
### (City of Tulsa)

131.    Defendants herein incorporate their responses above to Paragraphs 1-130 of Plaintiffs' Complaint.

132.    The allegations set forth in Paragraph 132 of Plaintiffs' Complaint is merely a statement of law and no response thereto is required.

133.    The allegations set forth in Paragraph 133 of Plaintiffs' Complaint is merely a statement of law and no response thereto is required.

134.    The allegations set forth in Paragraph 134 of Plaintiffs' Complaint is merely a statement of law and no response thereto is required.

135.    The allegations set forth in Paragraph 135 of Plaintiffs' Complaint is merely a legal conclusion and no response thereto is required.

136.    Defendants deny the allegations in Paragraph 136 of Plaintiffs' Complaint.

137.    The allegations set forth in Paragraph 137 of Plaintiffs' Complaint is merely a statement of law and no response thereto is required.

138.    Defendants deny the allegations in Paragraph 138 of Plaintiffs' Complaint.

139.    Defendants deny the allegations in Paragraph 139 of Plaintiffs' Complaint.

140.    Defendants admit they were acting within the scope of their employment at all times relevant but deny the allegations of negligent acts in Paragraph 140 of Plaintiffs' Complaint.

141.    Defendants admit a Tort Claim Notice on behalf of only Robert Gates and Rita Gates was filed with the City of Tulsa on November 17, 2022, but deny that the Complaint in this matter was filed within 180 days of the denial as alleged in Paragraph 141 of Plaintiffs' Complaint.

## COUNT 6 – PUNITIVE DAMAGES

142.    Defendants herein incorporate their responses above to Paragraphs 1-141 of Plaintiffs' Complaint.

143.    Defendants deny the allegations in Paragraph 143 of Plaintiffs' Complaint.

144.    Defendants deny the allegations in Paragraph 144 of Plaintiffs' Complaint.

145.    Defendants deny the allegations in Paragraph 145 of Plaintiffs' Complaint.

146.    Defendants deny the allegations in Paragraph 146 of Plaintiffs' Complaint.

Defendants deny that Plaintiffs are entitled to the relief prayed for in their paragraph beginning with, "WHEREFORE".

## **AFFIRMATIVE DEFENSES**

Defendants' defenses include, but are not limited to:

1.    Plaintiffs fail to state a claim upon which relief may be granted.

2.    At the time Plaintiffs were arrested, the contours of their constitutional rights were not clearly established.

3.    The Defendant Officers are entitled to the defense of qualified immunity.

4.    Defendants deny they had actual or constructive notice that their actions or any failures to act were substantially certain to result in a violation of Plaintiffs' constitutional rights, nor did they consciously or deliberately choose to disregard any such risk of harm.

5.    The Defendants' actions were at all times objectively reasonable under the circumstances.

6.    Probable cause existed to arrest Plaintiffs, thus they fail to state a claim upon which relief may be granted.

7.      Plaintiffs' claims are, or may be, denied by waiver, laches, estoppel, and/or failure to comply with statutes of limitation.

8.      Defendants deny any and all allegations that their actions or inactions are the cause of any damages.

9.      There is no evidence that Defendants acted with any malice toward Plaintiffs.

10.     Plaintiffs failed to mitigate their damages.

11.     The damages complained of may have been caused in whole or in part by third parties over whom Defendants exercise no control.

12.     Plaintiffs' alleged injuries were caused by Plaintiffs' own comparative negligence.

13.     Plaintiffs' alleged injuries were caused by Plaintiffs' criminal, illegal, unreasonable, and intentional and/or negligent actions.

14.     Plaintiffs assumed the risk of their behavior when they acted in a manner that was in violation of the law and was not consistent with the safety and well-being for themselves and others.

15.     Defendants deny they were negligent.

16.     Defendants are not responsible for intervening, superseding, and/or supervening causes that resulted in damages.

17.      Plaintiffs' alleged injuries were pre-existing and not the result of any action by Defendants.

18.     No facts support the imposition of punitive damages against Defendants.

19.     Punitive damages are not available under 51 O.S. §154 (C).

20.     Plaintiffs' punitive damage claims are unlawful under the U.S. Constitution and the Oklahoma Constitution.

21.     Official capacity claims against individual defendants, such as Defendants, are merely and solely claims against the City. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

22.     For further answer and defense, Defendants reserve the right to plead additional defenses and to amend this Answer at any time, up to and including, Pretrial.

WHEREFORE, Defendants Officers Samantha Ramsey, Don Holloway, Madelyne Sweger, Thomas Shockley, and Kurth Sires respectfully request that this Court grant judgment in their favor and award him them costs and fees, including attorneys' fees, if available, together with such other and further relief to which this Court deems just under the law and equity.

JURY TRIAL DEMANDED.

Respectfully submitted,

CITY OF TULSA, OKLAHOMA
a municipal corporation

JACK C. BLAIR
City Attorney

By:    /s/ R. Lawson Vaughn
R. Lawson Vaughn, OBA #21557
Senior Assistant City Attorney
175 E. Second Street, Suite 685
Tulsa, Oklahoma 74103
Telephone (918) 596-7717
Facsimile (918) 596-9700
ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen
Smolen & Roytman
701 S. Cincinnati Avenue
Tulsa, Oklahoma 74119
danielsmolen@ssrok.com
Attorneys for Plaintiff

 /s/ R. Lawson Vaughn
R. Lawson Vaughn